1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DERYUS T. BROWN,

11            Petitioner,              No. 2:12-cv-1648 DAD P

12       vs.

13   CONNIE GIPSON,                    <u>ORDER AND</u>

14            Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to

19   afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

20   granted.  <u>See</u> 28 U.S.C. § 1915(a).

21                        **PRELIMINARY SCREENING**

22            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

23   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

24   it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing

25   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

26   dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

1

1  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

2  answer and petition are considered; or a dismissal after consideration of the pleadings and an

3  expanded record."

**BACKGROUND**

5          In his petition, petitioner challenges a 2006 judgment of conviction entered

6  against him for first-degree murder with special circumstances and a gang enhancement.

7  According to the allegations of the pending federal habeas petition, the Sacramento County

8  Superior Court sentenced petitioner to twenty-five years to life in state prison.  Petitioner claims

9  that he received ineffective assistance of counsel throughout the trial and appellate proceedings

10 in his criminal case.  However, petitioner acknowledges on the form habeas petition that he has

11 not previously raise any of the claims presented in his federal habeas petition to any other court.

12 (Pet. at 2 & 6.)

**DISCUSSION**

14         Exhaustion of state court remedies is a prerequisite to the granting of a petition for

15 writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Exhaustion may only be waived explicitly by

16 respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied

17 or inferred.  Thus, state courts must be given the first opportunity to consider and address a state

18 prisoner's habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose

19 v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas

20 petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust'

21 them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir.

22 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a

23 meaningful opportunity to consider allegations of legal error' before a federal habeas court may

24 review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  A

25 petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all

26 federal claims before presenting the claims to the federal court.  See Baldwin v. Reese, 541 U.S.

1    27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276

2    (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

3              Here, petitioner acknowledges on his form habeas petition filed in this court that

4    he has not previously presented the claims set forth in his pending federal habeas petition to any

5    state court.  (Pet. at 6.)  Further, there is no allegation in the pending petition that state court

6    remedies are no longer available to petitioner.  Accordingly, petitioner's claims are unexhausted

7    and his pending federal habeas petition should be dismissed without prejudice.

8                                        **OTHER MATTERS**

9              Also pending before the court is petitioner's recently-filed motion for an extension

10   of time or motion to stay his petition so that he can return to state court to exhaust his state court

11   remedies.  In his motion, petitioner acknowledges that he is now aware that he must first exhaust

12   state court remedies before filing a federal habeas petition in this court.

13             Petitioner is advised that the court cannot stay his petition where, as here, the

14   petition is wholly unexhausted.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

15   In Raspberry, the Ninth Circuit explained:

16              District courts have the discretion to hold a mixed petition in
                abeyance pending exhaustion of the unexhausted claims.  We
17              decline to extend that rule to the situation where the original
                habeas petition contained only unexhausted claims . . . .  Once a
18              district court determines that a habeas petition contains only
                unexhausted claims, it need not inquire further as to petitioner's
19              intentions.  Instead, it may simply dismiss the habeas petition for
                failure to exhaust.
20

21   Id. at 1154.  See also, e.g., Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court

22   obliged to dismiss immediately a petition containing no exhausted claims); Dotson v. Uribe, No.

23   CV 09-6115-FMC (PLA), 2009 WL 4885200 at *4 (C.D. Cal. Dec. 14, 2009) (denying a motion

24   for a stay and abeyance because the federal petition contained only unexhausted claims); Brown

25   v. Dexter, No. CV 08-1119-SGL (VBK), 2008 WL 4384181 at *4 (C.D. Cal. Aug. 21, 2008)

26   (same).

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed without prejudice for failure to exhaust state court remedies;

2. Petitioner's motion for an extension of time or motion to stay his petition (Doc. No. 7) be denied; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 3, 2012.

DAD:9
brow1648.156

Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

4